

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

September 18, 1964

Honorable Robert S. Calvert          Opinion No. C- 311
Comptroller of Public Accounts
Capitol Station                      Re: Whether refund may be made
Austin, Texas                             of taxes paid on special
                                          fuels by a licensed non-
                                          bonded dealer or licensed
                                          non-bonded user when said
                                          special fuels have been
                                          lost by accident rather
                                          than used for the purpose
                                          of propelling motor vehi-
                                          cles upon the public high-
Dear Mr. Calvert:                         ways of this State.

        You have requested the opinion of this office on the above
captioned matter.  The special fuels tax is levied by Article
10.03, Title 122A, Taxation-General, Vernon's Civil Statutes.
Subdivision (1) of Article 10.03 provides, in part as follows:

        "An excise tax is hereby levied and imposed
upon the use of special fuels <u>for the propulsion
of motor vehicles upon the public highways of this
State</u> at the rate of . . ."   (Emphasis supplied.)

Article 10.14(1), Title 122A, reads, in part, as follows:

        "Except as otherwise provided by Article
10.15 of this Chapter, any licensed dealer who
shall have paid the tax imposed by this Chapter
upon any liquefied gas or distillate fuel which
has been used or sold for use by such dealer
for any purpose other than propelling a motor
vehicle upon the public highways of this State,
. . . and any licensed user who shall have paid
said tax upon any liquefied gas or distillate
fuel which has been used by such user for any
purpose other than propelling a motor vehicle
upon said public highways, may file claim for
a refund of the tax or taxes so paid, less one
per cent (1%) allowed suppliers for the expense
of collecting and reporting such taxes to this
State . . . ."

-1482-

Article 10.09, Title 122A, requires that every "supplier or dealer or user shall secure from the Comptroller the kind and class of permit required herein. . . ." Once such permit is secured, a dealer or user is a "licensed" dealer or user, whether bonded or non-bonded, and is therefore within the refund provisions of Article 10.14(1) above quoted. Special fuels lost by accident have not been used for the purpose "of propelling motor vehicles upon the public highways of this State." Under the plain and unambiguous language of the Statute, the claimants in question are entitled to the refund claimed.

Subsection (6) of Article 10.13, Title 122A, provides as follows:

"When it shall appear that a supplier, dealer, or user to whom the provisions of this Chapter shall apply has erroneously reported and remitted or paid more taxes than were due the State of Texas upon any special fuels during any tax-paying period, either on account of a mistake of fact or law, it shall be the duty of the Comptroller to credit the total amount of taxes due by such supplier, dealer or user for the current period with the total amount of taxes so erroneously paid, or said supplier, dealer or user may file claim for refund of the taxes erroneously paid. Such credit shall be allowed or the tax refund claim paid before any penalties and interest shall be applicable."

Thus the Legislature expressly provided that when "more taxes than were due the State . . ." were paid "either on account of a mistake of fact or law . . ." such overpayments should be refunded. We cannot conceive of any broader grounds for allowing refunds of overpayments. These broad grounds are consistent with Legislative intent evident throughout both the Motor Fuels Tax Law, Chapter 9, Title 122A, Vernon's Civil Statutes, and the Special Fuels Tax Law that the tax is imposed only when the taxpayer has used these fuels in the operation of motor vehicles upon the public highways of this State.

Article 10.13 of said Title 122A pertains to reports. Subdivision (1) deals with the reports required of every supplier, dealer and user who make tax payments directly to the State. Subdivision (2) deals with the monthly reports of every supplier, and each must report the quantity of special fuel ". . . lost by fire or other accident, . . ." Similarly, under Subdivisions (3) and (4) every dealer and user who has acquired special fuels

tax free for taxable resale, delivery or use must report monthly the quantity of such fuel " . . . lost by fire or other accident, . . ." These provisions are in accord with our holding pursuant to Article 10.14(1), above, that such fuels lost through accident by any licensed dealer and any licensed user are subject to refund.

All non-bonded dealers and non-bonded users must pay the tax when they acquire special fuels. Therefore, they do not make the reports required under Article 10.13 subdivisions (3) and (4) wherein they would be relieved of payment of the tax on fuel lost by accident or fire. However, on the basis of the other statutory provisions hereinabove set forth and considered, we are of the opinion that the Legislature did not mean to discriminate between bonded and non-bonded dealers and users in the payment of the tax which is imposed solely upon special fuel used for the propulsion of motor vehicles upon the public highways of this State.

SUMMARY

Refund may be made of taxes paid on special fuels by a licensed non-bonded dealer or a licensed non-bonded user when said special fuels have been lost by accident rather than used for the purpose of propelling motor vehicles over the public highways of this State.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By Marietta McGregor Payne
Marietta McGregor Payne
Assistant Attorney General

MMP/fb

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman
W. E. Allen
Gordon C. Cass
Pat Bailey
Arthur Sandlin

APPROVED FOR THE ATTORNEY GENERAL
By: Roger Tyler